### TREADWELL v. AUSTIN, Com'r of Banking.
### (No. 1348.)

(Court of Civil Appeals of Texas. Beaumont. April 17, 1926.)

**Appeal and error** ⊝⟾773(4).

Where appellant filed no brief, and no fundamental error appears on face of record, judgment will be affirmed.

Appeal from District Court, Angelina County; C. A. Hodges, Judge.

Action by Charles O. Austin, Commissioner of Banking, against T. J. Treadwell. Judgment for plaintiff, and defendant appeals. Affirmed.

Mantooth & Denman, of Lufkin, for appellant.

Fairchild & Redditt, of Lufkin, for appellee.

O'QUINN, J. This is a suit by the commissioner of banking to enforce the statutory liability of a stockholder for the debts of an insolvent state bank. On January 10, 1925, the Citizens' Guaranty State Bank of Lufkin, Tex., became insolvent, and was taken over by the commissioner of banking. In liquidating its affairs, the commissioner assessed the stockholders 100 per cent. of the par value of their stock. Among those whose names appeared on the stock book of the bank was that of Treadwell, the appellant. He was notified of his assessment, but refused to pay same on the ground (as we are advised by his original answer, which appears in the transcript, but which was entirely superseded by his first amended original answer, which also is in the transcript), that he had sold and transferred his stock more than twelve months before the bank became insolvent and was closed by the commissioner.

The case was tried before the court with the aid of a jury, and at the conclusion of the evidence the court instructed a verdict for appellee, and judgment was accordingly entered. The contention of appellant is that the court erred in instructing a verdict against him, and that he was entitled to a verdict and judgment.

The case was tried, as shown by the transcript, upon appellant's first amended original answer, which consists of a general demurrer, special exceptions, general denial, numerous pleas as to the constitutionality of the statutes under which the suit was brought, allegations to the effect that the bank was solvent and possessed of sufficient moneys, property, and assets with which to pay its obligations at the time the commissioner declared it insolvent and took it over for liquidation, and that the necessity for the assessment in question did not arise, and other defensive matters, but it nowhere asserted that appellant had sold or transferred his stock at any time before the bank became insolvent. Neither is there any brief for appellant.

As the case is presented, we can only search for fundamental error, which we have done, and, no such error appearing upon the face of the record, the judgment must be and is affirmed.